UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| ELIZABETH ELSEVIER, Deceased,. ) <br> By BRIAN ELSEVIER, ) <br> Surviving Spouse and Personal Representative, ) <br> ) <br> And ) <br> ) <br> BRIAN ELSEVIER, Individually, ) <br> ) <br>     *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> TRINITY INDUSTRIES, INC., et al ) <br> ) <br>     *Defendants*. ) | No.: 3:14-CV-00052-PLR-CCS |

**MEMORANDUM AND ORDER**

Plaintiffs brought this action seeking damages for negligence and product liability. On January 13, 2013, the deceased, Elizabeth Elsevier, was killed in a motor vehicle accident. The plaintiffs filed their complaint exactly one year later, on January 13, 2014.

Presently before the court is the plaintiffs' motion for voluntary non-suit.[1] Having filed a complaint prior to the expiration of the statute of limitations, the plaintiffs now seek more time to investigate the facts of the case and determine whether they have a viable cause of action against the defendants. If the case is non-suited, the plaintiffs have indicated they may or may not refile.

Defendants Trinity Industries, Inc. and Trinity Highway Products, LLC (collectively, "Trinity") oppose the motion for voluntary non-suit. They correctly note that the plaintiffs had a

---

[1] Under Federal Rule of Civil Procedure 41, plaintiffs must move for a court order to dismiss their action because the defendants have already answered the complaint.

period of one year under Tennessee law to investigate this single vehicle accident before filing the complaint. Trinity represents that it is ready, willing, and able to proceed and defend against the plaintiffs' complaint.

The plaintiffs' motion acknowledges that they filed their complaint for the purpose of tolling the statute of limitations without knowing whether or not they had a viable claim against Trinity. By filing a claim and seeking a dismissal without prejudice, the plaintiffs would effectively double the amount of time they have to bring suit. Under Tenn. Code Ann. § 28-1-105(a), "[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right to action . . . the plaintiff . . . may . . . commence a new action within one (1) year."

The Court has concluded that allowing the plaintiffs 60 days from the entry of this order to investigate whether or not they have a viable and provable case against Trinity will provide a reasonable amount of time for the plaintiffs to conclude their investigation. The plaintiffs are directed to notify the Court and interested parties, prior to the expiration of 60 days, whether they intend to pursue this action or have it dismissed *with prejudice*. Failure to timely notify the Court of the plaintiffs' decision will result in a dismissal *with prejudice*.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE